UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
RAKESH SANDAL,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, SEAN PHILLIPS,
PAUL PETRONE, TYLER HARPER, JAMES GATTO
AND JAMES O'BRIEN,

                        Defendants.
-------------------------------------------------------------------------X

Docket No. 23CV8484

AMENDED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff, by his attorney, MALLILO & GROSSMAN, complaining of the Defendants THE

CITY OF NEW YORK, and SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES

GATTO, JAMES O'BRIEN, herein, respectfully allege as follows:

## JURISDICTION

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation and violation, under color of
statute, ordinance, regulation, custom or usage, of Plaintiffs constitutional and civil
rights, privilege, and immunity secured by the Civil Rights Act of 1871, 42
U.S.C. §1983 and §1988, and the rights secured by the Fourth, Fifth and
Fourteenth Amendments to the Constitution of the United States and the rights
secured under the Constitution of the State of New York, Article I, Sections 11
and 12, and the common law of the State of New York.

3.      Jurisdiction is founded upon 28 U.S.C. Sections §1331, §1343 (3) and
1343(4), this action seeks redress for the violations of Plaintiff's constitutional and civil
rights.

4. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate all constitutional and pendant state law claims, pursuant to 28 U.S.C. §1367, as said claims form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §1391(b) and (c), because the Plaintiffs reside within the Eastern District.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every claim.

## NOTICE OF CLAIM

7. Notice of the Plaintiffs claims, the nature of the claims, the date and time of same, the place where, and the manner in which the claims arose were duly served upon THE CITY OF NEW YORK.

8. That the Plaintiff has duly complied with the oral examination, pursuant to Section 50-h of the General Municipal Law.

9. That more than thirty days have elapsed since the Notice of Claim has been served upon the Defendants and said Defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action is commenced within one year after the cause of action arose.

## PARTIES

11. That Plaintiff, RAKESH SANDAL is a resident of the United States.

12.     That Plaintiff resides in the County of Queens, and State of New York.

13.     At all times hereinafter mentioned Defendants, SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, JAMES O'BRIEN were agents and employees of the NEW YORK CITY POLICE DEPARTMENT employed by CITY OF NEW YORK and were acting within the course and scope of their employment. They are sued in their individual and official capacities.

14.     At all times hereinafter mentioned, and upon information and belief, the Defendant, CITY OF NEW YORK, was and still is a municipal corporation organized and existing by virtue of the Laws of the State of New York. The CITY OF NEW YORK is authorized under the laws of the State of New York to maintain a police department, the NEW YORK CITY POLICE DEPARTMENT which acts as its agent in the area of law enforcement.

15.     The CITY OF NEW YORK operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT and the Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN thereof, and assumes the risks incidental to the maintenance of a police force and the employment of police officers.

16.     At all relevant times, CITY OF NEW YORK hired, employed, trained, supervised, monitored and controlled the individual Defendants SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER JAMES GATTO, and JAMES O'BRIEN.

17.     At all relevant times, the Defendants THE CITY OF NEW YORK, and OFFICERS, SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of THE CITY OF NEW YORK and the NEW

YORK CITY POLICE DEPARTMENT in engaging in the unlawful conduct described herein.

18.     At all relevant times herein, the Defendants SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN have been, for or on behalf of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, with the power and authority vested in them as officers, detectives, agents and employees of THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT within the course and scope of their employment as Police Officers.

## STATEMENT OF FACTS

19.     On or about January 2nd, 2023 at approximately 4:30 p.m. the plaintiff RAKESH SANDAL was lawfully occupying the premises located at 147-17 Hillside Avenue where he operates a commercial store.

20.     At the time of the incident, Mr. Sandal was moving his business from 147-17 Hillside Avenue, Queens, NY to another location. Mr. Sandal enlisted the help of "Richard" whom he paid daily rate.

21.     In the days prior to Mr. Sandal's incident, Richard's parents were unhappy that Mr. Sandal was providing employment to his son and were upset that Mr. Sandal would not pay Richards wages directly to them.

22.     Mr. Richard's parents were so upset by this, that they called the police and told them that their adult son was being kidnapped.

23.     When notified, the police immediately responded and called Mr. Sandal asking his whereabouts and the whereabouts of Richard. Mr. Sandal immediately told them that he was at his store and that he didn't know what they were talking about. He told the police that he would stay where he was in order to resolve the issue.

**24.** Approximately 10 minutes later, the police arrived at 220-17 Jamaica Avenue, Queens, NY. While Mr. Sandal posed no risk of flight or violence, the police rushed him, pushed his body against the vehicle.

**25.** The force used was so great, it caused Mr. Sandal to tear his right shoulder. Mr. Sandal was booked and jailed overnight without medical attention. Once released he was immediately referred for surgery to repair his right shoulder.

**26.** At no time thereafter was Mr. Sandal charged with kidnapping or any other charge. Mr. Sandal was not acting irrationally or violently and was not attempting to flee.

FIRST CAUSE OF ACTION
42 U.S.C. §1983, and the Fourth, Fifth and Fourteenth Amendments
Excessive Use of Force

**27.** Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

**28.** As a direct and proximate result of the Defendants' actions, Plaintiff was deprived of his rights to be free from assault, battery and the use of excessive force as required by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

**29.** The defendants THE CITY OF NEW YORK, and SEAN PHILLIPS, are liable for violation of 42 U.S.C. §1983, which prohibits the deprivation of rights, under color of state law, secured under the United States Constitution, in that they assaulted, battered and used excessive force against the Plaintiff without authority of the law, and without any reasonable cause or belief that the Plaintiff was in fact guilty of crimes, and without any legal justification for such conduct.

**30.** As a proximate result of THE CITY OF NEW YORK, and Officer SEAN PHILLIPS' unlawful actions, Plaintiff has suffered violations of his due process rights under the

Fourth, Fifth and Fourteenth Amendments.

**31.** That by reason of the foregoing, Plaintiff has each been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

SECOND CAUSE OF ACTION
42 U.S.C. §1983

False Arrest, Unlawful Confinement and False Imprisonment

**32.** Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

**33.** The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN wrongfully, illegally and unlawfully seized, detained, confined, arrested and imprisoned the Plaintiff.

**34.** The wrongful, unjustifiable, illegal and unlawful seizure, detention, confinement, arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiffs consents, and without probable cause or reasonable suspicion.

**35.** The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO and JAMES O'BRIEN acted forcibly in seizing, detaining, confining, arresting, and imprisoning the Plaintiff.

**36.** Throughout the wrongful, unjustifiable, illegal and unlawful seizure,

detention, confinement, arrest and imprisonment, the Plaintiff was knowingly and consciously deprived of his freedom and liberty in violation of their Fourth, Fifth and Fourteenth Amendment rights.

37. The wrongful, unjustifiable, illegal and unlawful seizure, detention, confinement, arrest and imprisonment of the Plaintiff occurred without any illegal conduct by the Plaintiff.

38. The Defendants acted under pretense and color of state law in their individual and official capacities and within the scope of their employment as detectives and police officers.

39. The Defendants' THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN's acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers as detectives and police officers.

40. The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO and JAMES O'BRIEN acted willfully, knowingly and with specific intent to deprive the Plaintiff of his constitutional rights secured by the Fourth Amendment of the United States Constitution.

41. That by reason of the foregoing, Plaintiff has each been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and are entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION
### 42 U.S.C. §1983
### Supervisory Liability

**42.** Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

**43.** The Plaintiffs rights have been violated under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by the supervisory THE CITY OF NEW YORK were employed by the Defendant, THE CITY OF NEW YORK as detectives and police officers, captains and sergeants.

**44.** The supervisory Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN personally caused Plaintiff's constitutional injury by being deliberately, knowingly, consciously indifferent to the violation of rights of others in failing to supervise and train subordinate employees, detectives and officers.

**45.** The supervisory Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN had actual and constructive knowledge of the violations of Plaintiff's constitutional rights and were deliberately indifferent to the violation of said rights and failed to act to prevent those violations from happening and continuing to happen.

**46.** The supervisory Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN had actual and constructive knowledge of the violations of Plaintiff's constitutional rights and were grossly negligent in allowing the violation of said rights and failed to act to

prevent those violations from happening and continuing to happen.

47. The supervisory Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN created a policy and/or custom under which unconstitutional practices and the violation of constitutional rights occurred and allowed such policy and/or custom to continue.

48. As a result of the actions and/or inactions of the supervisory Defendants, the Plaintiff suffered deprivations of his Fourth, Fifth and Fourteenth Amendment rights.

49. That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

FOURTH CAUSE OF ACTION
42 U.S.C. §1983
Failure to Intervene

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein. THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN had an affirmative duty to intervene on behalf of the Plaintiff as his constitutional rights were being violated in their presence by other supervisors, detectives and police officers.

51. The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN each failed to intervene to prevent the violations of the Plaintiffs constitutional rights under the Fourth,

Fifth and Fourteenth Amendments, and the unlawful conduct described herein.

52. As a result, the Plaintiff was put in fear of his safety, was humiliated, and subjected to unjustified and unreasonable excessive force and physical abuse, an invasion of privacy, the loss of their liberty, and the loss of their personal property and effects.

53. That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

FIFTH CAUSE OF ACTION
42 U.S.C. §1983
Monell Claim

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

55. The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. At all relevant times, the Defendant, CITY OF NEW YORK acting through its NEW YORK CITY POLICE DEPARTMENT and detectives, developed, implemented, enforced, encouraged, and sanctioned de facto policies, practices and/or customs exhibiting

deliberate indifference to the Plaintiffs Constitutional rights, thereby causing the violation of such rights.

57.     Defendants' THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

58.     The Constitutional abuses and violations by the Defendant, THE CITY OF NEW YORK,, through the actions of  NEW YORK CITY POLICE DEPARTMENT and detectives, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, monitored, encouraged, and sanctioned by the Defendant, including its failure to adequately, supervise and train its officers and agents, including the individual Defendants; adequately discourage further constitutional violations on the part of its officers; to properly and adequately monitor and discipline its officers, including the individual Defendants; and properly and adequately investigate complaints of police misconduct, thereby tolerating and permitting and acquiescing in said acts.


59.     The Defendant, THE CITY OF NEW YORK and detectives, has developed, implemented, enforced, encouraged and sanctioned a de fact policy, practice and/or custom of unlawfully searching premises, unlawfully assaulting, battering, using excessive force, detaining, seizing, restraining and confining individuals, unlawfully taking and converting personal property and effects of individuals such as the Plaintiffs, without authority of the law, without any

reasonable suspicion or probable cause, and without any legal justification for same.

60.     Defendants' unlawful actions were done willfully, knowingly, maliciously and with the specific intent to deprive Plaintiff of his Constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the Unites States Constitution.

61.     Defendants have acted with deliberate indifference to the Constitutional rights of the Plaintiff.

62.     As a direct and proximate result of the Defendants' THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and  JAMES O'BRIEN's unlawful actions, Plaintiff has suffered violations of their rights under the Fourth and Fourteenth Amendments.

63.     That by reason of the foregoing, Plaintiff has been damaged and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment, and is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

SIXTH CAUSE OF ACTION
New York State Constitution Article I, Section 12
Search & Seizure and Excessive Force

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

65.     Acting under the color of law, the Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO,  and JAMES O'BRIEN subjected the Plaintiff to an unlawful seizure, detention and confinement of his

person, unlawful seizure and conversion of his personal property and effects, and excessive force by committing a physical assault and battery upon Plaintiff, without probable cause or lawful justification for same, that was designed to and did cause serious bodily harm and injury, pain and suffering to the Plaintiff in violation of his Constitutional right as guaranteed by the Constitution of the State of New York, Article I, Section 12.

66.       As a proximate result of the Defendants' THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN's unlawful actions, Plaintiff has suffered a violation of his due process rights under the Constitution of the State of New York, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

SEVENTH CAUSE OF ACTION
New York State Tort Claim Intentional
Infliction of Emotional Distress

67.       Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

68.       The unlawful acts of unlawful assault and physically battery upon the Plaintiff, the seizure of Plaintiff by handcuffs, the seizure of Plaintiff's property and personal effects, the unlawful arrest, imprisonment, detainment and confinement of the Plaintiff, and the use of excessive force, committed by the Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN so transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society, thereby causing Plaintiff to suffer humiliation, degradation, and

embarrassment, and to experience severe emotional harm.

69. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

70. The aforementioned conduct was committed by Defendants THE CITY OF NEW YORK, Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN while acting within the scope of their employment and in furtherance of their employment with THE CITY OF NEW YORK

71. The Defendant's THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN's conduct was intentional and for the sole purpose of causing severe emotional distress.

72. As a proximate result of the Defendants' unlawful actions and conduct, Plaintiff has been damaged in that she has suffered and continues to suffer intentional inflictions of emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## EIGHTH CAUSE OF ACTION
### Intentional Tort - Battery

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

74. The acts of Defendants THE CITY OF NEW YORK, and Officer SEAN PHILLIPS, constituted an intentional battery of the Plaintiff, in that the Defendant hit, punched, shoved, pushed and handcuffed Plaintiff about his head and body.

75. The Defendants THE CITY OF NEW YORK, and Officer SEAN PHILLIPS, acted under color of law, without lawful justification and without the authority of the law, in that the touching of the Plaintiff was harmful, uncontested, unprovoked and unjustified, and without privilege or consent.

76. As a proximate result of the Defendants' THE CITY OF NEW YORK, and Officer SEAN PHILLIPS' unlawful actions, Plaintiff has suffered and continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

77. New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

### NINTH CAUSE OF ACTION
Intentional Tort - Assault

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

79. The acts of Defendants THE CITY OF NEW YORK, and Officer SEAN PHILLIPS, constituted an intentional assault upon the Plaintiff, by yelling and shouting threats at Plaintiff, causing his to be in apprehension of an immediate physical harm and offensive bodily contact.

80. As a proximate result of the Defendants THE CITY OF NEW YORK, and Officer SEAN PHILLIPS' unlawful actions, Plaintiff has suffered and continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

81.     New York CPLR 1601 does not apply, pursuant to the exception provided by CPLR 1602(1)(b).

## TENTH CAUSE OF ACTION
Tort Claim - Negligence

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

83.     The Defendants were negligent, careless, reckless and deliberately indifferent in that each failed to properly supervise and monitor police officers who assaulted and battered the Plaintiff to prevent such conduct and acts from occurring.

84.     The Defendants were negligent, careless, reckless and deliberately indifferent in that they failed to provide adequate security to Plaintiff who was in Defendants' care, custody and control at the time of assault and battery by Defendants.

85.     That the aforesaid occurrences and resulting injuries to the Plaintiff was caused wholly and solely by the negligence of the Defendants, their agents, servants and employees, who were on duty and acting within the scope of their employment, without any negligence on the part of the Plaintiff.

86.     As a proximate result of the Defendants' unlawful actions, Plaintiff has suffered and continues to suffer physical, mental and emotional injury, pain and suffering, humiliation, fear and embarrassment, and has otherwise been damaged.

## ELEVENTH CAUSE OF ACTION
Tort Claim - Negligent Screening, Hiring and Retention

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth

herein.

88.     The Defendant, THE CITY OF NEW YORK, was negligent, careless, reckless, and deliberately indifferent in screening, hiring and retaining the Defendants, in that said Defendants lacked the experience, deportment and ability to be employed by in that the Defendant THE CITY OF NEW YORK, failed to exercise due care and caution in their screening and hiring practices, and in particular, in hiring the Defendants, who lacked the mental capacity and the ability to function as employees of THE CITY OF NEW YORK; investigate the above-named Defendants' backgrounds; train Defendants in the proper criteria to control their tempers and exercise the proper deportment and temperament; use force prudently and only when necessary, and to otherwise act as reasonably prudent detectives and police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their department.

89.     The Defendant, THE CITY OF NEW YORK and other unidentified supervising Officers were negligent, careless, reckless, and deliberately indifferent in that they hired and retained as employees' individuals who were unqualified in that they lacked the maturity, sensibility and intelligence to be employed.

90.     As a proximate result of the Defendant' THE CITY OF NEW YORK, negligence, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

## TWELFTH CAUSE OF ACTION
### Tort Claim - Negligent Training and Supervision

91.     Plaintiff repeats, reiterates and realleges each and every allegation

contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

92.    The CITY OF NEW YORK, failed to use reasonable care in training and supervising the Defendants who conducted and participated in violating the Plaintiffs constitutional rights, in assaulting and battering, falsely arresting, and unlawfully imprisoning, detaining and confining the Plaintiff.

93.    The CITY OF NEW YORK, was negligent, careless, reckless, and deliberately indifferent in that they failed to properly and adequately train Defendants in the proper criteria to control their tempers and exercise the proper deportment and temperament, to use force prudently and only when necessary, to otherwise act as reasonably prudent detectives and police officers; to give Defendants proper instruction as to their behavior and conduct as representatives of their department, and supervise the actions and conduct of their detectives and officers.

94.    As a proximate result of the Defendants' THE CITY OF NEW YORK, negligence, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.


### THIRTEENTH CAUSE OF ACTION
New York State Constitution and Tort Claim - False Arrest, Unlawful Imprisonment,

Wrongful Detention and Confinement

95.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth

herein.

**96.** The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN intentionally seized the Plaintiff and subjected the Plaintiff to false arrest, unlawful imprisonment, wrongful detention and confinement, and deprivation of liberty without probable cause.

**97.** The Plaintiff was conscious of his imprisonment, detentions and confinement, and did not consent to same.

**98.** As a direct result of the Defendants' THE CITY OF NEW YORK and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN's unlawful actions and conduct, Plaintiff was deprived of his rights, privileges and immunities under the Constitution of the State of New York and New York State tort law, specifically Plaintiffs rights to be free from unreasonable seizures and the right not to be unlawfully imprisoned, confined and/or detained.

**99.** That by reason of the foregoing, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

<u>FOURTEENTH CAUSE OF ACTION</u>
Respondent Superior

**100.** Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully set forth herein.

**101.** The Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS,, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN,

engaged in the wrongful and unlawful conduct described herein while on duty and/or in uniform, in and during the course and scope of their employment, in furtherance of their employment, while acting as agents and employees of the Defendants, THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN.

  **102.** Therefore, the Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN are vicariously liable to the Plaintiff pursuant to the doctrine of Respondent Superior.

  **103.** That by reason of the foregoing, Plaintiff has been damaged, and will continue to suffer damages including physical, mental and emotional injury pain, suffering, humiliation, fear and embarrassment.

  **WHEREFORE**, Plaintiff demands judgment against the Defendants THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN as follows:

a. A declaration that Defendants' THE CITY OF NEW YORK, and Officers SEAN PHILLIPS, PAUL PETRONE, TYLER HARPER, JAMES GATTO, and JAMES O'BRIEN's conduct violate Plaintiffs rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and under the New York State Constitution;

b. An award of damages for past and future pain and suffering in the amount of Five Million ($5,000,000.00) for each aforementioned Cause of Action.

c. An award of punitive damages.

d. An award of attorneys' fees pursuant to 42 U.S.C. § 1988;

e.        An award of costs of suit pursuant to 42 U.S.C. §1920 and 1988; and

f.        An award of such other and further relief as this Court may deem just and proper.

Dated:    Flushing, NY
          April 19, 2024

                            MALLILO & GROSSMAN

                            By: _____

                                JEFFREY BLUM, ESQ
                            Attorney for Plaintiff
                            163-09 Northern Boulevard
                            Flushing, NY  11358
                            718-461-6633